DANIEL G. BOGDEN
United States Attorney
District of Nevada

TROY K. FLAKE
Assistant United States Attorney
333 Las Vegas Boulevard South, Suite 5000
Las Vegas, Nevada 89101
Telephone: 702-388-6336
Facsimile: 702-388-6787
Email: *troy.flake@usdoj.gov*

Attorneys for the United States

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA AND THE STATE OF NEVADA *ex rel.* MARY KAYE WELCH, | )<br>)<br>)<br>) |
| Plaintiffs, | ) Case No. 2:14-cv-01786-MMD-GWF |
| v. | )<br>) |
| MY LEFT FOOT CHILDREN'S THERAPY, LLC, ANN MARIE GOTTLIEB, JONATHAN GOTTLIEB, | )<br>)<br>) |
| Defendants. | )<br>) |

**UNITED STATES' AND STATE OF NEVADA'S STATEMENT OF INTEREST
IN RESPONSE TO MOTION TO COMPEL ARBITRATION**

**I.    INTRODUCTION**

Pursuant to 28 U.S.C. § 517, the United States respectfully submits this Statement of Interest to notify the Court of the United States position on Defendants' Motion to Compel Arbitration and Stay Action (ECF# 20, 21). The United States remains a real party in interest in this matter, even though it has not intervened in the action. *United States ex rel. Killingsworth v. Northrop Corp.*, 25 F.3d 715, 720 (9th Cir. 1994). Additionally, the False Claims Act (FCA), 31 U.S.C. §§ 3729-3733, is the United States' primary tool used to redress fraud on the government. The United States has a substantial interest

in the development of the law in this area and in the correct application of the law in this, and similar, cases.

## II. DISCUSSION

"The issue of arbitrability is to be determined by the contract entered into by the parties." *Mediterranean Enterprises, Inc. v. Ssangyong Corporation*, 708 F.2d 1458, 1463 (9th Cir. 1983) (citations omitted). However, "[a] party cannot be required to submit to arbitration any dispute which he has not agreed to arbitrate." *United Steelworkers of America v. Warrior and Gulf Navigation Company*, 363 U.S. 574, 582 (1960). Accordingly, "[t]he strong public policy in favor of arbitration does not extend to those who are not parties to an arbitration agreement." *Kramer v. Toyota Motor Corp.*, 705 F.3d 1122, 1126 (9th Cir.) *cert. denied Toyota Motor Corp. v. Choi*, 134 S. Ct. 62, (2013). (citation omitted).

Further, the FCA expressly provides that:

> A person may bring a civil action for a violation of section 3729 for the person and for the United States Government. The action shall be brought in the name of the Government. The action may be dismissed only if the court and the Attorney General give written consent to the dismissal and their reasons for consenting.

31 U.S.C. § 3730 (b)(1).

Similarly, Nevada's False Claims statute also expressly provides in relevant part:

> Except as otherwise provided in this section and NRS 357.100, a private plaintiff may bring an action pursuant to this chapter for a violation of NRS 357.040 on his or her own account and that of the State or a political subdivision, or both the State and a political subdivision. The action must be brought in the name of the State or the political subdivision, or both. **After such an action is commenced, it may be dismissed only with written consent of the court and the Attorney General**. The court and the Attorney General shall take into account the public purposes of this chapter and the best interests of the parties in dismissing the action or consenting to the dismissal, as applicable, and provide the reasons for dismissing the action or consenting to the dismissal, as applicable.

Nev. Rev. St. § 357.080(1) (emphasis added).

The only claims for relief in Plaintiff's *qui tam* Complaint are for false claims on the United States and the State of Nevada. ECF #1, pp. 16-36. Defendants have filed a Motion "compelling this case into binding arbitration" (ECF #20 at 1:24).

2

The Court should deny the Motion to Compel because the real party in interest in this case, the United States, is not a party to the arbitration agreement. Accordingly, the claims brought by the Relator on behalf of the United States are not be subject to arbitration. Even if this Court were to determine that the FCA claims were subject to arbitration, Section 3730 (b)(1) prohibits dismissal of the case without the consent of the Attorney General. Thus, any arbitration ruling could not bind the United States and would be advisory only.

### III. CONCLUSION

The United States is the real party in interest in this case. It is not a party to the arbitration agreement and would not be bound by an arbitration award. The United States respectfully requests that the Court deny Defendant's Motion to Compel (ECF #20).

Respectfully submitted this 16th day of November, 2015.

| | |
|---|---|
| ADAM PAUL LAXALT<br>Nevada Attorney General | DANIEL G. BOGDEN<br>United States Attorney |
| */s/ Mark Kemberling*<br>MARK KEMBERLING<br>Chief Deputy Attorney General<br>555 East Washington Ave., Ste. 3900<br>Las Vegas, Nevada 89101<br>Telephone: 702-486-3420<br>Facsimile: 702-486-3768<br>Email: *mkemberling@ag.nv.gov*<br><br>Attorneys for State of Nevada | */s/ Troy K. Flake*<br>TROY K. FLAKE<br>Assistant United States Attorney<br><br>Attorneys for the United States |