**AKIN GUMP STRAUSS HAUER & FELD LLP**
SHAWN HANSON (admitted *pro hac vice*)
MARIA ELLINIKOS (admitted *pro hac vice*)
580 California Street, Suite 1500
San Francisco, CA 94104
Telephone:      (415) 765-9500
Facsimile:       (415) 765-9501
Email:            shanson@akingump.com
                      mellinikos@akingump.com

Attorneys for defendants My Left Foot Children's
Therapy, LLC, Jon Gottlieb, and Ann Marie Gottlieb

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA AND THE STATE OF NEVADA *ex rel.* MARY KAYE WELCH,<br><br>            Plaintiffs,<br><br>      v.<br><br>MY LEFT FOOT CHILDREN'S THERAPY, LLC, JON GOTTLIEB, AND ANN MARIE GOTTLIEB,<br><br>            Defendants. | Case No. 2:14-cv-01786-MMD-(GWF)<br><br>**DEFENDANTS MY LEFT FOOT CHILDREN'S THERAPY, JON GOTTLIEB, AND ANN MARIE GOTTLIEB'S RESPONSE TO UNITED STATES' AND STATE OF NEVADA'S STATEMENT OF INTEREST IN RESPONSE TO MOTION TO COMPEL ARBITRATION** |

The United States and the State of Nevada (collectively, the "Government") ask the Court to deny My Left Foot Children's Therapy, LLC, John Gottlieb, and Ann Marie Gottlieb's Motion to Compel Arbitration (collectively, "MLF"), but they offer no basis for doing so.

First, the Government argues that arbitration cannot be compelled because the Government is not a party to the Arbitration Agreement between Ms. Welch and MLF. As MLF explained in its Reply (Docket No. 24), the United States Supreme Court's decision in *United States ex rel. Eisenstein v. City of New York*, 556 U.S. 928 (2009), forecloses the Government's argument that it is a party to this dispute whose presence disallows arbitration. In *Eisenstein*, the Supreme Court held that, unless the

1

United States intervenes in a False Claims Act ("FCA") action, it is not considered a party. *Id.* at 933. The Government does not cite *Eisenstein* or any other case holding that the United States' involvement in an FCA case as the "real party in interest" prevents the Court from compelling arbitration of an FCA claim. Having declined to intervene, the Government cannot, as the real party in interest, prevent this matter from being arbitrated.

The Government likewise does not acknowledge the robust federal policy favoring enforcement of arbitration agreements or the case law confirming that *qui tam* actions brought under the FCA are subject to arbitration. The Federal Arbitration Act "reflects 'an emphatic federal policy' in favor of arbitration[,]" and the "principal purpose" of the Act is to "ensur[e] that private arbitration agreements are enforced according to their terms." *AT&T Mobility LLC v. Concepcion*, 131 S. Ct. 1740, 1748 (2011) (citations omitted); *Ferguson v. Corinthian Colleges, Inc.*, 733 F. 3d 928, 932 (9th Cir. 2013). Consistent with this policy, courts addressing the issue have repeatedly held that FCA claims brought under § 3279(a) falling within the scope of the applicable arbitration agreement are subject to arbitration. *United States v. Bankers Ins. Co.*, 245 F.3d 315, 323-25 (4th Cir. 2001) (compelling arbitration of claims brought by the Government under § 3279(a)); *Deck v. Miami Jacobs Bus. College Co.*, No. 3:12-cv-63, 2013 U.S. Dist. LEXIS 14845, *22-25 (S.D. Ohio Jan. 31, 2013) (compelling students' FCA claims to arbitration because they fell within scope of their enrollment agreements, which contained an arbitration clause); *United States ex rel. Hicks v. Evercare Hosp.*, No. 1:12-cv-887, 2015 U.S. Dist. LEXIS 96246, *8 (S.D. Ohio July 23, 2015) (compelling former employees' FCA claims to arbitration). Like Ms. Welch, the Government does not identify a single case holding that *qui tam* actions brought under the FCA are not subject to arbitration as a matter of law.

Finally, the Government argues that arbitration should not be compelled because arbitration will not be binding on it. This is no reason to deny arbitration. MLF has asked the Court to stay this action pending the outcome of the arbitration. Motion (Docket No. 21) at 8-10. At the conclusion of the arbitration, the Government can either consent to resolution of the claims as determined by the arbitrator or resume litigation of the claims in this Court. *See Hicks*, 2015 U.S. Dist. LEXIS 96246, *9 (ordering that, following arbitration of the FCA *qui tam* claims, the parties must either ask the Attorney

General to consent to resolution of the FCA claims as determined in arbitration or resume litigation of the claims in court); *Deck*, 2013 U.S. Dist. LEXIS 14845, *28 (same).  Because the Government's interest in this dispute will be fully protected, the Motion to Compel Arbitration should be granted.

Dated:  November 18, 2015                    AKIN GUMP STRAUSS HAUER & FELD LLP
                                                               Shawn Hanson
                                                               Maria Ellinikos

                                                               By          */s/ Maria Ellinikos*
                                                                         Maria Ellinikos
                                                              Attorneys for defendants My Left Foot Children's Therapy, LLC, Jon Gottlieb and Ann Marie Gottlieb

CERTIFICATE OF SERVICE

STATE OF CALIFORNIA, COUNTY OF SAN FRANCISCO

I am employed in the County of San Francisco, State of California. I am over the age of 18 and not a party to the within action; my business address is: 580 California Street, Suite 1500, San Francisco, California 94104. On November 18, 2015, I served the foregoing document(s) described as: **DEFENDANTS MY LEFT FOOT CHILDREN'S THERAPY, JON GOTTLIEB, AND ANN MARIE GOTTLIEB'S RESPONSE TO UNITED STATES' AND STATE OF NEVADA'S STATEMENT OF INTEREST IN RESPONSE TO MOTION TO COMPEL ARBITRATION,** on the interested party(ies) below, using the following means:

**All parties identified for Notice of Electronic Filing generated by the Court's CM/ECF system under the referenced case caption and number**

☒ BY ELECTRONIC MAIL OR ELECTRONIC TRANSMISSION. Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the document(s) to be sent to the respective e-mail address(es) of the party(ies) as stated above.

L. Timothy Terry
The Terry Law Firm, Ltd.
P. O. Box 2348
Carson City, NV 89702
Telephone:    (775) 883-2348
Facsimile:    (775) 883-2347
tim@theterrylawfirm.com

*Attorneys for Plaintiff Mary Kay Welch*

Mark N. Kemberling
Nevada Attorney General's Office
555 E. Washington Ave, Ste. 3900
Las Vegas, NV 89101
MKemberling@ag.nv.gov

*Attorneys for the State of Nevada*

Suzanne L. Martin
Ogletree, Deakins, Nash, Smoak, & Stewart, P.C.
Wells Fargo Tower
3800 Howard Hughes Pkwy, Suite 1500
Las Vegas, NV 89169
Telephone:    (702) 369-6800
Facsimile:    (702) 369-6888
suzanne.martin@ogletreedeakins.com

*Attorneys for Defendant My Left Foot Children's Therapy, LLC*

Troy K. Flake
United States Attorney
333 Las Vegas Blvd So., Ste. 5000
Las Vegas, NV 89101
Telephone:    (702) 388-6336
Facsimile:    (702) 388-6787
troy.flake@usdoj.gov

*Attorneys for Plaintiff United States of America*

David L. Scher (admitted *pro hac vice*)
R. Scott Oswald (admitted *pro hac vice*)
The Employment Law Group
888 17th St NW Ste 900
Washington, DC 20006
Telephone:    (202) 331-2883
Facsimile:    (202) 261-2835
soswald@employmentlawgroup.com
dscher@employmentlawgroup.com

9

CERTIFICATE OF SERVICE
207510000 v1

Case No. 2:14-cv-01786-MMD-GWF

*Attorneys for Plaintiff Mary Kaye Welch*

☒ BY UNITED STATES MAIL. I enclosed the documents in a sealed envelope or package addressed to the respective address(es) of the party(ies) stated above and placed the envelope(s) for collection and mailing, following our ordinary business practices. I am readily familiar with the firm's practice of collection and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid at San Francisco, California.

☒ (FEDERAL)  I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on November 18, 2015, at San Francisco, California.

Jeremias V. Cordero
[Print Name of Person Executing Proof]                                        [Signature]