**IN UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEVADA**
**Civil Division**

| | |
|---|---|
| **UNITED STATES OF AMERICA AND THE STATE OF NEVADA** *ex rel.* **MARY KAYE WELCH**<br><br>                    **Plaintiffs,**<br><br>**v.**<br><br>**MY LEFT FOOT CHILDREN'S THERAPY, LLC. ET AL.**<br><br>                    **Defendants.** | **Civil Action No. 2:14-cv-01786-MMD-GWF** |

**REVISED PROPOSED JOINT DISCOVERY PLAN AND SCHEDULING ORDER**

**<u>SPECIAL SCHEDULING REVIEW REQUESTED</u>**

Pursuant to the Court's Order (#28) denying without prejudice the Parties' Discovery Plan and Scheduling Order (#26), the Parties submit this Revised Proposed Joint Discovery Plan and Scheduling Order and request a special scheduling review under Local Rule 26-1(d).

1.      <u>Reason for modified time periods</u>: On October 19, 2015, Defendants filed a Motion to Compel Arbitration and Stay Action (#20).  In addition to asking the Court to compel arbitration, Defendants asked the Court to stay this matter pending the Court's ruling on the Motion to Compel.  *Id.* at 8-10.  Defendants contend that when a party files a motion to compel arbitration, the Court's jurisdiction is limited to determining the arbitrability of the underlying dispute.  *Simula, Inc. v. Autoliv, Inc.*, 175 F.3d 716, 726 (9th Cir. 1999).  Defendants contend

1

that discovery is permitted, if at all, only regarding "issues related to the making and performance of the agreement to arbitrate." *Id.*; *see also Coneff v. AT&T Corp.*, No. C06-0944RSM, 2007 U.S. Dist. LEXIS 20502, 2007 WL 738612, at *2-3 (W. D. Wash. Mar. 9, 2007) (allowing discovery requests related to the issue of unconscionability but not the merits of the parties' underlying dispute).  Defendants contend that federal district courts regularly stay judicial proceedings pending a decision on a party's motion to compel arbitration.  *See, e.g.*, *Coneff*, 2007 U.S. Dist. LEXIS 20502 at *2-3 (staying all discovery on the merits until decision on motion to compel arbitration issued); *Steiner v. Apple Computer, Inc.*, No. C 07-4486 SBA, 2007 U.S. Dist. LEXIS 90220, *3 (N.D. Cal. Nov. 29, 2007) (a stay of initial scheduling obligations and discovery pending determination of motion to compel is prudent because, "if a dispute is arbitrable, responsibility for the conduct of discovery lies with the arbitrators," not the court); *Ross v. Bank of Am., N.A.*, No. 05 Civ. 7116 (WHP), 2006 U.S. Dist. LEXIS 208, 2006 WL 36909, at *1 (S.D.N.Y. 2006) ("[i]n view of the threshold issues concerning arbitration, this Court concludes that a stay of discovery is appropriate"); *Merrill Lynch, Pierce, Fenner & Smith Inc. v. Coors*, 357 F. Supp. 2d 1277, 1281 (D. Colo. 2004) (issuing stay of "all discovery and pretrial scheduling" pending resolution of motion to compel arbitration); *Intertec Contracting v. Turner Steiner Int'l, S.A.*, No. 98 Civ. 9116 (CSH), 2001 U.S. Dist. LEXIS 9950, 2001 WL 812224, at *7 (S.D.N.Y. 2001) ("As is the general practice of district courts, a stay of discovery was imposed in this case while the motion to compel arbitration was pending before the Court.").

For the sake of amicable resolution and timely filing of a discovery plan, the parties met and conferred, and, as a result of that, the Parties have proposed deadlines that exceed the deadlines outlined in the Local Rules to reflect the additional time needed for the Court to rule on Defendants' Motion to Compel Arbitration and Stay Action.  If the Court has not entered an

order on Defendants' Motion to Compel Arbitration and Stay Action by February 1, 2016, the Parties ask that the below dates be modified with initial disclosures to be due fourteen (14) days after entry of an order on Defendants' Motion to Compel Arbitration and Stay Action and the remaining dates will flow from that date (in such event the Parties will meet and confer to file an amended proposed joint discovery plan and scheduling order).

The Parties agree to the following schedule and proposed deadlines:

2.      <u>Initial Disclosures</u>. Last day to exchange Fed. R. Civ. P. 26(a)(1) Initial Disclosures: Monday, February 8, 2016.

3.      <u>Amendment of Pleadings</u>. Last day to amend pleadings pursuant to Fed. R. Civ. P. 15: Monday, June 6, 2016.

4.      <u>Discovery Motions</u>. Last day to file motions regarding fact discovery: Monday, October 31, 2016.

5.      <u>Dispositive Motions</u>. Last day to file dispositive motions: Friday, April 7, 2017

6.      <u>Discovery Plan</u>.

    a.   Discovery Cut-Off Date: Defendants first appeared in this matter on October 19, 2015.  To account for a ruling on Defendants' Motion to Compel Arbitration and Stay Action, the number of days required for discovery is 378 days, with the Monday, October 31, 2016, being the date discovery will close.

    b.   Scope/Subjects of Discovery: The Parties intend to conduct discovery relevant to proving claims and defenses under the False Claims Act, Nevada False Claims Act related to the alleged submission of false claims under the alleged False Claims Acts, including falsity and scienter, and damages. A significant portion of discovery will be focused on the clinical assessment of patients who

received services and were certified for eligibility. The assessment will involve medical record review and other clinically related evidence.

c.   Types of Discovery: The Parties intend to serve interrogatories, document requests and/or requests for admissions. The Parties agree that up to 15 non-party depositions may be necessary for each side, exclusive of expert witnesses.

d.   Limits on Discovery: The Parties are not requesting any other limitations on discovery, besides those prescribed by the local rules of this Court and the Federal Rules of Civil Procedure.

e.   Protective Order: The Parties intend to propose a Protective Order to address issues related to patient privacy and proprietary information.  All dates are subject to the parties being able to work out a suitable protective order including, but not limited to, resolving issues related to PHI and ePHI.

f.   ESI/Privilege: The Parties have conferred regarding discovery of electronically stored information. The parties agree to produce ESI in a concordance load file with associated TIFF images and meta-data preserved and a claw-back provision.  The parties will agree to a more formal written procedure for ESI.

The Parties do not at this time anticipate any unusual issues concerning the assertion of privileges and intend to prepare a Fed. R. Evid. 502 Order.

7.   <u>Expert Discovery</u>.

a.   Last day to designate Plaintiff's experts and submit experts' reports: December 2, 2016.

4

     b.   Last day to designate Defendant's Experts and submit experts' reports: Friday, January 6, 2017.

     c.   Last day to designate Plaintiffs' and Defendants' rebuttal experts and submit experts' reports: Friday, February 3, 2017.

     d.   Last day to complete expert discovery: March 3, 2017.

8.   <u>Pre-Trial Order</u>.

     a.   Last date to file if no dispositive motions are filed: Monday, June 12, 2017.

     b.   Last date to file if dispositive motions are filed: 30 days after order resolving last dispositive motion.

9.   <u>Trial</u>.

     a.   Plaintiffs have requested a jury trial in their Complaint.

     b.   Estimated length of trial: Trial may last at least one to two weeks. This estimate is based on the number of fact witnesses and expert witnesses expected to be called by both sides and the scope of issues to be addressed.

     c.   Proposed trial date: After September 1, 2017.

The Parties, respectfully and jointly, request the Court to enter their SCHEDULING ORDER in conformity with the dates proposed herein.

Respectfully submitted,

By:_/s/ L. Timothy Terry_____          __/s/ Shawn Hanson_____

L. Timothy Terry, Esq.                       Shawn Hanson (admitted *pro hac vice*)
The Terry Law Firm, Ltd                      Maria Ellinikos (admitted *pro hac vice*)
102 N. Curry Street                          Akin Gump Strauss Hauer & Feld LLP
Carson City, NV 89703                        580 California Street, Suite 1500
tim@theterrylawfirm.com                      San Francisco, CA 94104
Telephone: (775) 883-2348                    Tel: 415-765-9500
Facsimile: (775) 883-2347                    Fax: 415-765-9501

David Scher (admitted *pro hac vice)*        *Attorneys for Defendants My Left Foot*
R. Scott Oswald (admitted *pro hac vice*)    *Children's Therapy, LLC,*
The Employment Law Group, P.C.               *John Gottlieb and Ann Marie Gottlieb*
soswald@employmentlawgroup.com
dscher@employmentlawgroup.com
888 17th Street, NW, Suite 900
Washington, DC 20006
Telephone: (202) 331-2883
Facsimile: (202) 261-2835

*Attorneys for Plaintiff/Relator Mary Kaye*
*Welch*


                                             IT IS SO ORDERED:


                            _____
                                                GEORGE FOLEY, JR.
                                        United States Magistrate Judge

                                             DATED: _____

6

CERTIFICATE OF SERVICE

STATE OF CALIFORNIA, COUNTY OF SAN FRANCISCO

I am employed in the County of San Francisco, State of California.  I am over the age of 18 and not a party to the within action; my business address is:  580 California Street, Suite 1500, San Francisco, California 94104.  On November 23, 2015, I served the foregoing document(s) described as: **REVISED PROPOSED JOINT DISCOVERY PLAN AND SCHEDULING ORDER,** on the interested party(ies) below, using the following means:

**All parties identified for Notice of Electronic Filing generated by the Court's CM/ECF system under the referenced case caption and number**

☒  BY ELECTRONIC MAIL OR ELECTRONIC TRANSMISSION.  Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the document(s) to be sent to the respective e-mail address(es) of the party(ies) as stated above.

| | |
|---|---|
| L. Timothy Terry<br>The Terry Law Firm, Ltd.<br>P. O. Box 2348<br>Carson City, NV 89702<br>Telephone:    (775) 883-2348<br>Facsimile:    (775) 883-2347<br>tim@theterrylawfirm.com | Mark N. Kemberling<br>Nevada Attorney General's Office<br>555 E. Washington Ave, Ste. 3900<br>Las Vegas, NV 89101<br>MKemberling@ag.nv.gov |
| ***Attorneys for Plaintiff Mary Kay Welch*** | ***Attorneys for the State of Nevada*** |
| Suzanne L. Martin<br>Ogletree, Deakins, Nash, Smoak, & Stewart, P.C.<br>Wells Fargo Tower<br>3800 Howard Hughes Pkwy, Suite 1500<br>Las Vegas, NV 89169<br>Telephone:    (702) 369-6800<br>Facsimile:    (702) 369-6888<br>suzanne.martin@ogletreedeakins.com | Troy K. Flake<br>United States Attorney<br>333 Las Vegas Blvd So., Ste. 5000<br>Las Vegas, NV 89101<br>Telephone:    (702) 388-6336<br>Facsimile:    (702) 388-6787<br>troy.flake@usdoj.gov |
| ***Attorneys for Defendant My Left Foot Children's Therapy, LLC*** | ***Attorneys for Plaintiff United States of America*** |
| David L. Scher (admitted *pro hac vice*)<br>R. Scott Oswald (admitted *pro hac vice*)<br>The Employment Law Group<br>888 17th St NW Ste 900<br>Washington, DC 20006<br>Telephone:    (202) 331-2883<br>Facsimile:    (202) 261-2835<br>soswald@employmentlawgroup.com<br>dscher@employmentlawgroup.com | |
| ***Attorneys for Plaintiff Mary Kaye Welch*** | |

1

⊠ BY UNITED STATES MAIL.  I enclosed the documents in a sealed envelope or package addressed to the respective address(es) of the party(ies) stated above and placed the envelope(s) for collection and

2

mailing, following our ordinary business practices.  I am readily familiar with the firm's practice of collection and processing correspondence for mailing.  On the same day that correspondence is placed

3

for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid at San Francisco, California.

4

⊠ (FEDERAL)  I declare that I am employed in the office of a member of the bar of this court at

5

whose direction the service was made.

6

        Executed on November 23, 2015, at San Francisco, California.

7

8

Jeremias V. Cordero

[Print Name of Person Executing Proof]                                                                [Signature]

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28