UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| UNITED STATES OF AMERICA and THE STATE OF NEVADA ex rel. MARY KAYE WELCH, | Case No. 2:14-cv-01786-MMD-GWF |
|---|---|
| Plaintiffs, | ORDER |
| v. | (Defs.' Motion to to Stay — ECF No. 42.) |
| MY LEFT FOOT CHILDREN'S THERAPY, LLC, ANN MARIE GOTTLIEB, and JONATHAN GOTTLIEB | |
| Defendants. | |

**I.   SUMMARY**

The Court denied Defendants' motion to compel arbitration. (ECF No. 35.) In response, Defendants move to stay pending their appeal, or in the alternative pending the Court's ruling on dispositive motions filed in case no. 2:15-cv-01746-MMD-GWF ("Declaratory Relief Action"),[1] or pending a ruling on their anticipated motion to dismiss. (ECF No. 42.) The Court has reviewed Relator Mary Kaye Welch's ("Welch") response and Defendants' reply. (ECF Nos. 47, 61.) For the reasons discussed below, Defendants' motion to stay (ECF No. 42) is denied.

**II.   BACKGROUND**

The relevant background facts are recited in the Court's order denying Defendants' motion to compel. (ECF No. 35.) Welch's Complaint alleges that Defendants

---

[1] The Court ruled on the dispositive motions in the Declaratory Relief Action on September 19, 2016. (ECF No. 52.)

engaged in allegedly fraudulent practices to charge the Nevada Medicaid program and Tricare — which offers Medicaid-like benefits to service members — for care that is not medically necessary. (ECF No. 15 at 7-8.) Welch brings twelve claims under the False Claims Act, 31 U.S.C. § 3729(a)(1)(A)-(B), and the analogous Nevada False Claims Act ("NFCA"), NRS § 357.040(a)-(b) (together, the "*qui tam* claims"), asserting that Defendants made (or caused to be made) false records that were used to present fraudulent claims to Medicaid and Tricare. (*Id.* at 29-70.)

Defendants moved to compel arbitration, which the Court denied. (ECF No. 35.) Defendants now request a stay pending their appeal, or in the alternative, pending disposition of their motion to dismiss. (ECF No. 42.)

### III. DISCUSSION

A stay pending appeal is a matter of judicial discretion. *Nken v. Holder*, 556 U.S. 418, 434 (2009). A court must consider four factors in evaluating whether to issue a stay: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Id.* at 434. "The first two factors of the traditional standard are the most critical." *Id.*

The Court finds that the four *Nken* factors tip against granting a stay. First, the Court disagrees with Defendants' contention that they raised serious legal questions going to the merits. In denying Defendants' motion to compel, the Court finds that because the government is the real party in interest in Welch's FCA claims, Defendants cannot compel the government, who is not a party to the arbitration agreement at issue here, to participate in arbitration. Defendants have not made a strong showing of success on the merits.

Second, Defendants' contention of irreparable harm is premised primarily on the expenses of discovery and of having to file a motion to dismiss. However, these expenses are monetary and do not amount to irreparable harm. Moreover, any discovery

conducted would be transferrable to arbitration should Defendants prevail on appeal. Defendants also assert that they will suffer irreparable harm caused by having to proceed with trial. But given the posture of this case, trial will likely not occur before a ruling on Defendants' appeal.

For these same reasons, the Court finds that a delay would be unfair to Welch and would not serve the public interest.

Defendants also ask that the Court stay discovery pending a ruling on their motion to dismiss. The Court has perused Defendants' motion to dismiss and finds that a stay of discovery is not justified.

## IV.  CONCLUSION

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the Motion.

It is therefore ordered that Defendants' motion to stay (ECF No. 42) is denied.

DATED THIS 6th day of October 2016

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE