CHRISTOPHER CHIOU
Acting United States Attorney
District of Nevada
Nevada Bar No. 14853
TROY K. FLAKE
Assistant United States Attorney
501 Las Vegas Blvd. So., Suite 1100
Las Vegas, Nevada 89101
(702) 388-6336
Troy.Flake@usdoj.gov

*Attorneys for the United States*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA AND THE STATE OF NEVADA *ex rel.* MARY KAY WELCH, <br><br> Plaintiffs, <br><br> v. <br><br> MY LEFT FOOT CHILDREN'S THERAPY I ANN MARIE GOTTLIEB, JONATHAN GOTTLIEB, <br><br> Defendants. | Case No: 2:14-cv-01786-MMD-VCF <br><br> **MOTION TO UNSEAL** |

The United States and the State of Nevada request that the Court unseal the remaining sealed documents in the above case based on the following points and authorities.

Relator Mary Kay Welch filed this case on October 28, 2014. Over the next several months, the United States and the State of Nevada (the "Government") investigated the allegations of the Complaint. On May 29, 2015, the United States and Nevada filed a notice declining intervention. In that notice, the Government requested that the contents of the Court's file remain under seal, except the Complaint and notice declining intervention. On June 1, 2015, the Court unsealed the case, but ordered that all previously filed documents other than the Complaint, notice declining intervention, and the Court's order remain sealed.

The False Claims Act imposes mandatory filing and service requirements, including a requirement that qui tam complaints "shall remain under seal for at least 60 days." 31 U.S.C. § 3730(b)(2). These provisions were adopted "primarily to allow the government first to ascertain in private whether it was already investigating the claims stated in the suit and then to consider whether it wished to intervene." *United States v. Aurora Las Encinas, LLC*, 2011 WL 13137312, at *5 (C.D. Cal. Sept. 8, 2011)(Citing *Erickson ex rel. United States v. American Inst, of Bio. Sciences*, 716 F. Supp. 908 (E.D. Va. 1989)). However, as a general matter, there is "[A] 'strong presumption in favor of access to court documents. *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). Accordingly, courts have discretion to unseal documents filed in qui tam cases unless the United States shows that unsealing the documents would (1) reveal confidential investigative methods or techniques; (2) jeopardize an ongoing investigation; or (3) harm non-parties. *United States v. Ctr. for Emp. Training*, 2016 WL 561774, at *2 (E.D. Cal. Feb. 12, 2016).

The Ninth Circuit has indicated that sealing may be appropriate when a party will be harmed by court files becoming "a vehicle for improper purposes such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Kamakana*, 447 F.3d at 1179. Conversely, the mere fact that the production of records "may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Id.*

As the Court is aware, the qui tam defendants are in a coverage dispute with their insurer arising out of the qui tam matter. See *My Left Food Children's Therapy, et al. v. Certain Underwriters at Lloyd's London Subscribing to Policy No. HAH15-0632*, 2:15-cv-01746-MMD-VCF (D. Nev.). The coverage defendants have moved to intervene in this qui tam to obtain access to the remaining sealed documents in the file.[1]

The Government does not believe that unsealing the documents in this case would

---

[1] Because this motion will accomplish the result the coverage defendant seeks, and because the False Claims Act expressly states that "When a person brings an action under [the False Claims Act], no person other than the Government may intervene," 31 U.S.C. § 3730(b)(5), the Government respectfully requests that the Court deny the Motion to Intervene.

reveal confidential investigative methods or techniques. The Government has declined to intervene, and the qui tam case has concluded, so unsealing would not jeopardize an ongoing investigation. Finally, the Government does not have any information suggesting that unsealing will cause the type of harm that would justify denying public access to the court filings. Accordingly, there is no compelling reason to keep the documents unsealed and the Government respectfully requests that this court order that the remaining sealed documents in this case be unsealed.

Respectfully submitted this 19th day of August, 2021.

CHRISTOPHER CHIOU
Acting United States Attorney

 s/  Troy K. Flake
TROY K. FLAKE
Assistant United States Attorney

It is so ordered:

Cam Ferenbach
United States Magistrate Judge

Dated this 7th day of September, 2021